**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DARIO XAVIER ZHUZHINGO YASCARIBAY**,<br><br>*Petitioner*,<br><br>v.<br><br>**WARDEN, DELANEY HALL DETENTION FACILITY, *et al.***,<br><br>*Respondents*. | No. 26-cv-11510<br><br>**ORDER** |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Petitioner Dario Xavier Zhuzhingo Yascaribay's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Ecuador who was taken into Immigration and Customs Enforcement ("ICE") custody on June 26, 2026, pursuant to a January 17, 2020 removal order. (Pet., ECF No. 1 at 10; ECF No. 5-1 at 12). The removal order, however, contains a clerical error: it lists Petitioner's daughter's name as both the lead and rider respondent, but identifies Petitioner's correct alien number, A# 213-227-297. (*See* ECF No. 5-1 at 12). The Notice to Appear directing Petitioner's appearance at the January 17, 2020 proceeding nevertheless identifies Petitioner by his correct name and alien number. (*Id.* at 6). On July 8, 2026, after Petitioner was detained by ICE, the Department of Homeland Security moved the Immigration Court to correct Petitioner's name on the removal order. (*Id.* at 1–4); and

**WHEREAS**, Respondents contend that Petitioner is detained under 8 U.S.C. § 1231(a). (*See generally* ECF No. 5). Because the removal order became administratively final in 2020, Respondents do not contend that Petitioner is subject to the 90-day mandatory detention period

authorized by 8 U.S.C. § 1231(a)(2). However, Respondents contend that Petitioner's present detention is nevertheless authorized by § 1231(a)(6), which permits detention only for the period reasonably necessary to effectuate removal. *See Zadvydas v. Davis*, 533 U.S. 678, 689, 699 (2001); *Santamaria-Mejia v. ICE*, No. 26-07437, 2026 WL 2018107, at *4 (D.N.J. July 13, 2026); and

**WHEREAS**, to the extent Petitioner asks this Court to determine that the January 17, 2020 removal order is invalid because it bears the wrong name, the Court lacks jurisdiction to do so. Congress has channeled review of final orders of removal to the courts of appeals. *See* 8 U.S.C. § 1252(a)(5); *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020). In *Codina v. Chertoff*, the court confronted a materially similar clerical-error challenge and concluded that it lacked jurisdiction to adjudicate the validity of the removal order itself, while separately holding that the clerical discrepancy did not invalidate the petitioner's detention where the record established that she was the person subject to the removal proceedings. No. 06-4048, 2007 WL 1582670, at *4, *8–9 (D. Minn. May 30, 2007), *aff'd*, 283 F. App'x 432 (8th Cir. 2008). The Court finds *Codina* persuasive here. Petitioner's correct A-number appears on the removal order, and the Notice to Appear identifies both his correct name and A-number. The record therefore reflects a clerical error, rather than mistaken identity. Accordingly, without passing on the validity of the removal order itself, the Court concludes that the clerical discrepancy does not *per se* render Petitioner's detention pursuant to that order unlawful; and

**WHEREAS**, Petitioner separately challenges the duration of his detention under *Zadvydas*. In *Egharevba v. Benzel*, this Court held that the ordinary six-month presumption did not control where a petitioner was suddenly re-detained after years of release under an order of supervision, and accordingly placed the burden on the Government to establish a significant likelihood of removal in the reasonably foreseeable future. No. 26-10628, 2026 WL 2655018, at

*4–6 (D.N.J. Sept. 9, 2026). Although Petitioner here was not previously released under an order of supervision, the same underlying concern is present: a years-old removal order does not permit the Government to invoke anew a presumption of reasonable detention merely by re-detaining an individual years after the statutory removal period expired. Rather, under these circumstances, the Government must establish that removal remains significantly likely in the reasonably foreseeable future. *See Santamaria-Mejia*, 2026 WL 2018107, at *4 (expressing "substantial doubt" that *Zadvydas*'s six-month presumption applies where the ninety-day mandatory removal period had long expired and the petitioner had not previously been detained during that period); and

**WHEREAS**, Respondents have met their burden here. Respondents now represent that they possess the travel documents necessary to remove Petitioner to Ecuador, that removal flights to Ecuador depart weekly, and that the remaining impediment to removal is correction of Petitioner's name on the January 17, 2020 removal order. (*See* Decl. of Deportation Officer James Carroll, ECF No. 8-1 at 2). Respondents further represent that once the corrected order is obtained, Petitioner can be removed expeditiously. (*Id.*). Petitioner has been detained for just over eighty days. Although the correction remains outstanding, Respondents' representations regarding the existing travel documents, regular availability of flights, and limited nature of the remaining impediment are sufficient, at this juncture, to establish a significant likelihood that Petitioner will be removed in the reasonably foreseeable future; therefore

**IT IS** on this 18th day of September, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Court's existing no-transfer Order, (ECF No. 2), shall remain in effect until the earlier of: (1) the issuance of a corrected order of removal; or (2) October 30, 2026, at

which time the no-transfer Order shall be **VACATED** without further order of the Court; and it is further

**ORDERED** that Petitioner may move to reopen this matter and file an amended Petition if a corrected order of removal is not timely obtained and/or he remains in detention; and it is further

**ORDERED** that the Court will retain jurisdiction over any subsequent Petition; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**